JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 12-0979 AG (MLGx)** | Date | June 28, 2012 |
|---|---|---|---|
| Title | WELLS FARGO BANK, N.A. v. JAMES D. ARAGON | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE**

For the reasons that follow, this case is REMANDED to the California Superior Court, County of Orange.

Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed a Complaint for unlawful detainer against Defendant James D. Aragon ("Defendant") in state court, seeking to evict Defendant from foreclosed property ("Property") and requesting related damages.

Defendant now files a Notice of Removal ("Notice") to remove the unlawful detainer action to this Court. Defendant claims that removal is proper under 28 U.S.C. § 1331 (original federal question jurisdiction), and 28 U.S.C. § 1332 (diversity). No federal jurisdiction over this action exists under either reason.

First, no diversity jurisdiction exists because the amount in controversy falls under the requisite $75,000. The underlying unlawful detainer action is a limited jurisdiction complaint alleging less than $10,000 in damages.

Second, no federal question jurisdiction exists. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 12-0979 AG (MLGx)** | Date | June 28, 2012 |
|---|---|---|---|
| Title | WELLS FARGO BANK, N.A. v. JAMES D. ARAGON | | |

provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," not by reference to any counter-claims defendants may raise. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's original case was for unlawful detainer. That does not raise a federal question. *See, e.g., Cooper v. Washington Mut. Bank*, 2003 WL 1563999, at*2 (N.D. Cal. Mar. 19, 2003) (same); *Onewest Bank, FSB v. Fabionar*, 2010 WL 5058394, at *3 (N.D. Cal.Dec.6, 2010) (same); *Partners v. Gonzalez*, 2010 WL 3447678, at * 2–3 (N.D.Cal. Aug.30, 2010) (same). Thus, the Court does not have subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

In closing, the Court reminds Defendant that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases raises the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

**DISPOSITION**

Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 12-0979 AG (MLGx)** | Date | June 28, 2012 |
|---|---|---|---|
| Title | WELLS FARGO BANK, N.A. v. JAMES D. ARAGON | | |

| | Initials of Preparer | lmb |
|---|---|---|